UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EDWARD L. DILLMAN                                                                               PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:04CV-576-S

INDIANA INSURANCE CO., et al.                                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Indiana Insurance Company, et al., for partial dismissal of the amended complaint (DN 11) under Fed.R.Civ.P. 12(b)(6).[1]

This action arose from the discharge of the plaintiff, Edward L. Dillman, from his employment as an insurance adjuster for Indiana Insurance Company.[2] Dillman was over the age of forty at the time of his discharge. He alleges that he was replaced by an employee under the age of forty. Dillman alleges (1) violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., (2) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., (3) violation of the Kentucky Civil Right Act, KRS, Chapter 344, (4) wrongful discharge, and (5) intentional and negligent infliction of emotional distress.

Indiana Insurance seeks dismissal of the ADEA, Title VII, wrongful discharge and emotional distress claims. These claims will be addressed seriatim.

---

[1] An earlier motion to dismiss (DN 7) was rendered moot by the filing of the amended complaint and the motion for partial dismissal.

[2] The relationship between the named defendants, is not made clear by the amended complaint. The answer denies the allegations of ¶3 of the amended complaint, but states, "[b]y way of information...that Plaintiff became an employee of Indiana Insurance Company on January 1, 2002 as a Sr. Claims Representative, External, working out of his home in Shepherdsville, Kentucky. Plaintiff's payroll checks were issued by The Netherlands Insurance Company, of Keene, NH." Answer to Amended Complaint, ¶3. The answer admits that Indiana Insurance Company and The Netherlands Insurance Company are indirect subsidiaries of Liberty Mutual Company. For purposes of this opinion, the defendants will be referred to collectively as "Indiana Insurance."

Indiana Insurance contends that Dillman's ADEA claim must be dismissed because Dillman failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and we therefore lack jurisdiction over this claim.  In his response, Dillman does not contend that he filed an EEOC charge, but rather argues that we should retain the claim because of the early stage of the litigation.  Dillman appears to have conceded the issue.  In the absence of a demonstration that he has satisfied the jurisdictional prerequisite to the filing of an ADEA claim in this court, the claim must be dismissed.

Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Thus Dillman has not stated a cognizable claim under Title VII for discrimination on the basis of age.  This claim must also be dismissed.

Dillman's wrongful discharge claim must be dismissed in light of the holding in *Gryzb v. Evans*, 700 S.W.2d 399 (Ky. 1985).  The principle enunciated in *Gryzb* has been repeatedly reaffirmed by Kentucky courts:

> KRS 344.040 provides that it is "unlawful practice for an employer...to discharge any individual...because of such individual's race, color, religion, national origin, sex, or age between forty (40) and seventy (70)."  The Kentucky Commission on Human Rights is structured in KRS Chapter 344 to adjudicate complaints of discrimination on these grounds.  Thus, the same statute which would provide the necessary underpinning for a wrongful discharge suit where there is sufficient evidence to prove [such] discrimination in employment practices also structures the remedy. The statute not only creates the public policy but preempts the field of its applications.

*Gryzb*, 700 S.W.2d at 401*;  Shrout v. The TFE Group*, __S.W.3d___, 2005 WL 736262 (Ky.App. April 1, 2005).  Dillman's claim for wrongful discharge on the basis of his age is clearly cognizable under the Kentucky civil rights statute.  Indeed, Dillman amended his complaint to add a claim for violation of KRS Chapter 344.  The common law claim for wrongful discharge must therefore be dismissed.

Indiana Insurance seeks dismissal of Dillman's claims for intentional and negligent infliction of emotional distress. The cases cited by the defendant in support of dismissal were all decided at the summary judgment rather than dismissal stage of the litigation.[3]

The amended complaint alleges conduct in the workplace which purportedly evidences intentional and/or negligent outrageous and intolerable acts causing Dillman severe emotional distress.

Dillman has not cited any caselaw in which a claim for negligent infliction of emotional distress has been recognized by the Kentucky courts. This claim must therefore be dismissed.

While a claim for intentional infliction of emotional distress in the employment context is often found not to meet the "beyond all possible bounds of decency" threshold established in *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984), there is no proof in this record from which the court can make such an evaluation at this time.

In any event, Dillman has made a claim for violation of the Kentucky Civil Rights Act, KRS, Chapter 344, under which damages for embarrassment, humiliation and mental anguish are recoverable. *See, Messick v. Toyota Motor Manufacturing, Kentucky, Inc.*, 45 F.Supp2d 578 (E.D.Ky. 1999), *citing, Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky.App. 1993). ("tort of outrage [is] intended to supplement the existing forms of recovery, not swallow them up.") In light of the avenue of recovery for emotional distress under the Kentucky Civil Rights Act, Dillman has failed to state a viable emotional distress claim for either negligent or intentional conduct. *See, Messick, supra.*

---

[3] In *Sacharnoski v. Capital Consolidated, Inc.*, 187 F.Supp.2d 843 (W.D.Ky. 2002) the court dismissed an emotional distress claim on a 12(b)(6) motion. However, the court noted that "[m]aintaining this restrictive view, Kentucky courts have routinely granted *summary judgments* in favor of the defendant." *Sacharnosky*, 187 F.Supp 2d at 845 (emphasis added). While this court does not disagree with the result reached in this and other cases, we note that a 12(b)(6) dismissal is contingent upon a finding that it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief on the claim.

- 4 -

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendants, Indiana Insurance Company, et al., for partial dismissal (DN 11) is **GRANTED.  The amended complaint is DISMISSED to the extent that it claims violation of the Age Discrimination in Employment Act, violation of Title VII of the Civil Rights Act, common law wrongful discharge, and intentional and negligent infliction of emotional distress.**