# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

EDWARD L. DILLMAN                                                                                    PLAINTIFF

v.                                                                                         NO. 3:04-CV-576-S

INDIANA INSURANCE CO., et al.                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

During a recent teleconference in which the parties addressed a number of discovery disputes, the magistrate judge took under advisement the plaintiff's motion to compel. The plaintiff seeks an order requiring the defendants to produce a corporate witness, Michael Brewer, who resides in Denver, Colorado, for an in-person deposition in Louisville.

The plaintiff's deposition notices purport to name Mr. Brewer as a witness through which the plaintiff will depose the corporate defendants, as provided under Rule 30(b)(6) of the Federal Rules of Civil Procedure. The defendants object on the ground they have designated a different employee, Mr. Frank Csernik, who will testify in their behalf as to each matter on which examination is requested in the plaintiff's deposition notices.[1] The defendants argue that consequently, Mr. Brewer is a fact witness who can be compelled to appear only in Denver pursuant to subpoena.[2] The magistrate judge concludes that although the plaintiff may not designate Mr. Brewer as a Rule 30(b)(6) witness, deposing him as a mere fact witness is not the only alternative permitted under the civil rules.

The defendants are correct that Rule 30(b)(6), by its terms, does not permit the plaintiff to designate a deponent to speak for the corporate defendants. And the plaintiff's attempt to do

---

[1]The plaintiff has already deposed Mr. Csernik.

[2]The defendants have agreed to waive the requirement of a subpoena under Rule 45 but not Rule 45's territorial limitation, i.e., the Denver locality. *See* FED. R. CIV. P. 45.

so is not appropriate. On the other hand, Rule 30(b)(6) does not shield a corporate defendant from having to produce other corporate witnesses, after being served with proper notice – if the deponent is an officer, director, or managing agent of a corporate defendant. *See in re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535 (D.Md. 1996); *Smith v. Shoe Show of Rocky Mount, Inc.*, No. 00-30141, 2001 WL 1757184 at *2 (D.Mass. April 26, 2001). Although case law within this judicial circuit is unavailing on this narrow point, federal scholars squarely address the issue:

> Thus, a party who wishes the deposition of a specific officer or agent of a corporation may still obtain it and is not required to allow the corporation to decide for itself whose testimony the other party may have. ... [I]f the deponent is an officer, director, or managing agent of a corporation ... that is a party to the suit, ... the corporation is responsible for producing its officers, managing agents, and directors if notice is given... ."

8A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2103 (Civil 2d ed. 1994) (citing FED. R. CIV. P. 32(a)(2) and 37(d)(1)).

The term "managing agent" does not receive rigid interpretation. It applies when the individual's interests are aligned with the corporate principal given the nature of the individual's functions, responsibilities and authority. *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94 (S.D.N.Y. 1968); *see also a collection of citations in Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699 (S.D.N.Y. 2002). "Thus, the depositions of persons who fit these categories may be used against the corporate party." WRIGHT ET AL, *supra*, at § 2103.

It is expected that Mr. Brewer has personal knowledge of the facts related to the plaintiff's claim of wrongful, discriminatory termination from his employment. At the time relevant to the plaintiff's employment as an adjuster in Kentucky with Indiana Insurance

Company, Mr. Brewer held a management position with Indiana Insurance and was responsible for the operation of the entire Nashville office, including supervision of all the Kentucky field adjusters.  Mr. Brewer is currently employed as a vice president of an Indiana Insurance affiliate, Colorado Casualty.[3]

In their written opposition, the defendants do not seriously dispute that Mr. Brewer qualifies as a "managing agent" under the civil rules.  It is apparent from the parties' correspondence and pleadings that in his new position, Mr. Brewer's interests remain aligned with the corporate defendants.  Thus, the corporate defendants are responsible for producing the Mr. Brewer and his testimony may be used against the corporation.  *See id.*  Mr. Brewer's deposition, however, does not preclude the defendants from designating other deponents under Rule 30(b)(6), if so requested.

**IT IS HEREBY ORDERED** that the motion to compel (docket no. 36) is **GRANTED IN PART**.  The defendants shall produce Michael Brewer for a deposition in Louisville, Kentucky at a time, date and place to be agreed upon, and in a manner consistent with this memorandum opinion and order;

**IT IS FURTHER ORDERED** that the unopposed motion for an extension of time (docket no. 46) is **GRANTED**.  The deadline for the completion of discovery is extended to **April 30, 2007**.  The deadline for the filing of dispositive motions is extended to **May 30, 2007**.
DATE:


Copies to Counsel of Record

---

[3] Colorado Casualty Company and the defendants, Indiana Insurance Company and the Netherlands Insurance Company, are subsidiaries of the defendant, Liberty Mutual Insurance Company.